MICHELE BECKWITH
Acting United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00305-JAM |
|---|---|
| Plaintiff, | **SECOND STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |
| v. | |
| ERIC TREJO, | DATE: May 20, 2025 |
| Defendant. | TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and defendant, Eric Trejo, by and through defendant's counsel of record, Ryan Roth, hereby stipulate as follows:

1. The defendant's initial appearance on the Indictment was November 19, 2024.

2. A status conference was set for May 20, 2025.

3. By this stipulation, the parties now move to continue the status conference until September 9, 2025, and to exclude time between May 20, 2025, and September 9, 2025, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes numerous reports and recordings, including investigative reports, surveillance data,

audio and video recordings and photographs, and lab reports. The government has produced hundreds of pages of discovery, but represents that more is forthcoming.

      b)      There remains a separate state criminal case involving the defendant that the parties are discussing and attempting to bring into this case. The defendant has been charged in San Joaquin County Superior Court and the parties are in communication with the district attorney's office regarding that case.

      c)      Counsel for defendant desires additional time to consult with his client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

      d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)      The proposed status conference date on September 9, 2025, represents the earliest and most convenient date for counsel. This requested date takes into account counsels' schedules, defense counsels' commitments to other clients, and defense counsels' need for preparation and further investigation into this case.

      f)      Neither the government nor the defense objects to the continuance.

      g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 20, 2025 to September 9, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

     5.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

     IT IS SO STIPULATED.

Dated:  May 14, 2025                        MICHELE BECKWITH
                                                   Acting United States Attorney

                                                   /s/ MATTHEW DE MOURA
                                                   MATTHEW DE MOURA
                                                   Special Assistant United States Attorney

Dated:  May 14, 2025                        /s/ RYAN ROTH
                                                   RYAN ROTH
                                                   Counsel for Defendant
                                                   ERIC TREJO

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

3

**FINDINGS AND ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the May 20, 2025, status conference and resets the matter for **September 09, 2025, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between May 20, 2025, and September 9, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from May 20, 2025, to and including September 09, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED.

Dated: May 15, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE