ERIC GRANT
United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00305-JAM |
| Plaintiff, | **THIRD STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |
| v. | |
| ERIC TREJO, | DATE: September 9, 2025 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and defendant, Eric Trejo, by and through defendant's counsel of record, Ryan Roth, hereby stipulate as follows:

1.    The defendant's initial appearance on the Indictment was November 19, 2024.

2.    A status conference was set for September 9, 2025.

3.    By this stipulation, the parties now move to continue the status conference until December 9, 2025, and to exclude time between September 9, 2025, and December 9, 2025, under Local Code T4.

4.    The parties agree and stipulate, and request that the Court find the following:

    a)    The government has represented that the discovery associated with this case includes numerous reports and recordings, including investigative reports, surveillance data,

audio and video recordings and photographs, and lab reports. The government has produced hundreds of pages of discovery, but represents that more is forthcoming including additional reports and recordings.

b)      There remains a separate state criminal case involving the defendant that the parties are discussing and attempting to bring into this case with the hope of resolving by jurisdictions' cases.

c)      Counsel for defendant desires additional time to consult with his client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

d)      Counsel for the government was in a lengthy state homicide trial and the parties have not been able to fully discuss the case, potential resolutions, or any other issues that would impact the case.

e)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The proposed status conference date on December 9, 2025, represents the earliest and most convenient date for counsel.  This requested date takes into account counsels' schedules, defense counsels' commitments to other clients, and defense counsels' need for preparation and further investigation into this case.

g)      Neither the government nor the defense objects to the continuance.

h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 9, 2025 to December 9, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  September 3, 2025                    ERIC GRANT
                                            United States Attorney

                                            /s/ MATTHEW DE MOURA
                                            MATTHEW DE MOURA
                                            Special Assistant United States
                                            Attorney


Dated:  September 3, 2025                    /s/ RYAN ROTH
                                            RYAN ROTH
                                            Counsel for Defendant
                                            ERIC TREJO

1

2                                    **ORDER**

3          The Court, having received, read, and considered the parties' stipulation, and good cause

4   appearing therefrom, adopts the parties' stipulation in its entirety as its order.  The September 09, 2025

5   Status Conference is **VACATED** and **RESET** for **December 09, 2025, at 9:00 a.m.**  The Court also

6   finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between

7   September 9, 2025, and December 9, 2025, would deny counsel reasonable time necessary for effective

8   preparation, taking into account the exercise of due diligence.  The Court further finds that the ends of

9   justice served by the continuance outweigh the best interests of the public and the defendant in a speedy

10  trial.  Time from September 09, 2025, to and including December 09, 2025, is excluded from the

11  computation of time within which the trial of this case must commence under the Speedy Trial Act,

12  pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

13         IT IS ORDERED.

14

15         September 04, 2025                          _____

16                                                     JOHN A. MENDEZ,
                                                       SENIOR UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28