ROTH LEGAL, A PROFESSIONAL LAW CORPORATION
Ryan Roth
State Bar No. 291844
418 14th St,
Modesto, CA 95354
(209) 222-4447

Attorney for Defendant
ERIC TREJO

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00305-JAM |
| Plaintiff, | |
| v. | **FOURTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |
| ERIC TREJO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and defendant, Eric Trejo, by and through defendant's counsel of record, Ryan Roth, hereby stipulate as follows:

1. The defendant's initial appearance on the Indictment was November 19, 2024.
2. A status conference was set for December 9, 2025.
3. By this stipulation, the parties now move to continue the status conference until April 7, 2026, and to exclude time between December 9, 2025 and April 7, 2026, under Local Code T4.
4. The parties agree and stipulate, and request that the Court find the following:
    a) The government has represented that the discovery associated with this case includes numerous reports and recordings, including investigative reports, surveillance

1

data, audio and video recordings and photographs, and lab reports. The government has produced hundreds of pages of discovery, but represents that more is forthcoming including additional reports and recordings.

b)  There remains a separate state criminal case involving the defendant that the parties are discussing and attempting to bring into this case with the hope of resolving by jurisdictions' cases.

c)  Counsel for defendant desires additional time to consult with his client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

d)  Counsel for the government was in a lengthy state homicide trial and the parties have not been able to fully discuss the case, potential resolutions, or any other issues that would impact the case.

e)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)  The proposed status conference date on December 9, 2025, represents the earliest and most convenient date for counsel. This requested date takes into account counsels' schedules, defense counsels' commitments to other clients, and defense counsels' need for preparation and further investigation into this case.

g)  Neither the government nor the defense objects to the continuance.

h)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 9, 2025 to April 7, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local CodeT4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served

by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

6. IT IS SO STIPULATED.

Dated: December 5, 2025            ERIC GRANT
                                   United States Attorney

                                   /s/ MATTHEW DE MOURA
                                   MATTHEW DE MOURA
                                   Special Assistant United
                                   States Attorney

Dated: December 5, 2025            /s/ RYAN ROTH
                                   RYAN ROTH
                                   Counsel for Defendant
                                   ERIC TREJO

3

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The December 09, 2025 Status Conference is **VACATED** and **RESET** for **April 07, 2026, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between December 9, 2025, and April 7, 2026, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from December 09, 2025, to and including April 07, 2026, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS ORDERED.

Dated: December 05, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE