ERIC GRANT
United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:24-cr-00305-JAM |
| Plaintiff, | **FIFTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |
| v. | |
| ERIC TREJO, | DATE:    April 7, 2026 |
| Defendant. | TIME:    9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and defendant, Eric Trejo, by and through defendant's counsel of record, Ryan Roth, hereby stipulate as follows:

1.      The defendant's initial appearance on the Indictment was November 19, 2024.

2.      A status conference was set for April 7, 2026.

3.      By this stipulation, the parties now move to continue the status conference until August 11, 2026, and to exclude time between April 7, 2026, and August 11, 2026, under Local Code T4.

4.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes numerous reports and recordings, including investigative reports, surveillance data, audio and video recordings and photographs, and lab reports. The government has produced

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

hundreds of pages of discovery and the parties have been reviewing it.

b)      There remains a separate state criminal case involving the defendant and the government has been in discussions this with state prosecutors to resolve that case.  The government believes we have reached an agreement how to resolve the state case with the federal case.

c)      Counsel for defendant desires additional time to consult with his client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

d)      Counsel for the government is in preparation for a state homicide trial and has not been able to fully discuss the case, potential resolutions, or any other issues that would impact the case.

e)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The proposed status conference date on August 11, 2026, represents the earliest and most convenient date for counsel.  This requested date takes into account counsels' schedules, defense counsels' commitments to other clients, and defense counsels' need for preparation and further investigation into this case.

g)      Neither the government nor the defense object to the continuance.

h)      The parties may request to advance the court date once a global resolution is reached and will notify the court if that situations arises.

i)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 7, 2026 to August 11, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 3, 2026

ERIC GRANT
United States Attorney

/s/ MATTHEW DE MOURA
MATTHEW DE MOURA
Special Assistant United States Attorney


Dated:  April 3, 2026

/s/ RYAN ROTH
RYAN ROTH
Counsel for Defendant
ERIC TREJO

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

## ORDER

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The April 07, 2026 status conference is **VACATED** and **RESET** for **August 11, 2026, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between April 7, 2026, and August 11, 2026, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from April 7, 2026, to and including August 11, 2026, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO ORDERED.

Dated: April 06, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE