RYAN ROTH, SBN 291844
ROTH LEGAL, APC
418 14th Street
Modesto, CA 95354
Telephone: 209-222-4447

Attorneys for Defendant
ERIC TREJO

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED SATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERIC TREJO,<br>Defendant | Case No. 2:24-cr-00305-JAM<br><br>**SIXTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and defendant, Eric Trejo, by and through defendant's counsel of record, Ryan Roth, hereby stipulate as follows:

1. The defendant's initial appearance on the Indictment was November 19, 2024.
2. A status conference was set for September 8, 2026.
3. By this stipulation, the parties now move to continue the status conference until January 26, 2027, and to exclude time between August 24, 2026, and January 26, 2027, under Local Code T4.
4. The parties agree and stipulate, and request that the Court find the following:

a. The government has represented that the discovery associated with this case includes numerous reports and recordings, including investigative reports, surveillance data, audio and video recordings and photographs, and lab reports. The government has produced hundreds of pages of discovery and the parties have been reviewing it.

b. There remains a separate state criminal case involving the defendant and the government has been in discussions this with state prosecutors to resolve that case. The government believes we have reached an agreement how to resolve the state case with the federal case.

c. Counsel for defendant desires additional time to consult with his client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

d. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. The proposed status conference date on January 26, 2027, represents the earliest and most convenient date for counsel. This requested date takes into account counsels' schedules, defense counsels' commitments to other clients, and defense counsels' need for preparation and further investigation into this case.

f. Neither the government nor the defense object to the continuance.

g. The parties may request to advance the court date once a global resolution is reached and will notify the court if that situations arises.

h. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 24, 2026 to January 26, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§

3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

6. IT IS SO STIPULATED.

Dated: August 24, 2026

ERIC GRANT
United States Attorney

/s/ MATTHEW DE MOURA

MATTHEW DE MOURA

Special Assistant United States Attorney

Dated: August 24, 2026

/s/ RYAN ROTH

RYAN ROTH

Counsel for Defendant

ERIC TREJO

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The September 08, 2026 Status Conference is **VACATED** and **RESET** for **January 26, 2027, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between August 24, and January 26, 2027, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from August 24, and January 26, 2027, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO ORDERED.

Dated: August 25, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE